IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02782-BNB

ANTONIO JOSE VARGAS,

    Plaintiff,

v.

HARRY ALEJO,
PATRICK GATTENBY,
RALPH LASASSO,
GERRY SPANGLER,
PATTY SWIFT,
BRIEND CECIL,
LT. MR. BOMEN,
STEVEN ORTIZ, and
JANE & JOHN DOE'S,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2011

GREGORY C. LANGHAM
                 CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Antonio Jose Vargas, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon Correctional Facility in Limon, Colorado. Mr. Vargas filed a *pro se* prisoner complaint on December 7, 2010. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe Mr. Vargas' filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Vargas will be directed to file an amended complaint.

The Court has reviewed the amended complaint and finds that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Vargas is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court finds that the complaint is deficient because Mr. Vargas has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Vargas also fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Instead of asserting any claims, in the section labeled "Nature of the Case," Mr. Vargas provides seven pages of single-

2

spaced allegations. Also attached to the complaint are numerous unexplained and unidentified exhibits. Mr. Vargas apparently expects the Court and the defendants to piece together with his asserted claims. That is not a judicial function or the responsibility of the defendants. Mr. Vargas must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Vargas must allege, simply and concisely, his specific claims for relief. He may attach documents to the amended complaint, but he may not rely solely on those documents to present his claims. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Vargas will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.

In the amended complaint he will be directed to file, Mr. Vargas must also assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Vargas must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of*

*Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Vargas may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Vargas uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Vargas, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Antonio Jose Vargas, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Vargas, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Vargas fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 4, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02782-BNB

Antonio Jose Vargas
Prisoner No. 58211
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

  I hereby certify that I have mailed **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on January 4, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                Deputy Clerk